UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE WILLIAMS,

Plaintiff,

v.

OAKLAND POLICE DEPARTMENT,

Defendant.

Case No.  15-cv-00976-MEJ

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

# INTRODUCTION

Plaintiff Kevin Lee Williams ("Plaintiff") filed this case against the Oakland Police Department on March 2, 2015, as well as an Application to Proceed In Forma Pauperis.  Although the Court granted his In Forma Pauperis Application, it dismissed the Complaint with leave to amend.  Despite repeated extensions of the deadline to file an amended complaint and the issuance of an Order to Show Cause, Plaintiff has failed to file an amended complaint or otherwise respond.  Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).[1]

# BACKGROUND

Plaintiff's Complaint contains no specific legal claims, but alleges as follows:

> In this suit, I'm filing an complaint against Oakland Police Department for badly discrimination against my ethnicity, race, and the abuse of my tri-race, and the imbedding of an solo race and baggage, racism and pain. I'm asking for a sum of money cause of my hardship every time I came in touch with the officers, cases, etc. I know the sum of this suit is paltry, but I'm asking $25,000.00 for the rights abused and feel I'm worth it. I also would like the Oakland Police Department to be reprimanded on policy, care, and handling of mixed race individuals.

---

[1] On March 17, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  Defendant has not been served, and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c).  *See Levy v. United States*, 2012 WL 1439047, at *1 (N.D. Cal. Apr. 25, 2012)*;Third World Media, LLC v. Does 1-1568*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011).  Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter.

United States District Court
Northern District of California

Compl., Dkt. No. 1.  While Plaintiff made vague references to discrimination based on race, he does not refer to any federal law and fails to identify any constitutional or statutory basis for his claims.  As the Court found it difficult to determine what the conduct is that constitutes the basis for the alleged violations of law, it dismissed the Complaint on March 23, 2015, but granted leave to amend by April 27, 2015.  Dkt. No. 6.  Plaintiff subsequently filed two requests for additional time, which the Court granted, with an initial extension to May 22, 2015 and a second extension to June 19, 2015.  Dkt. Nos. 8, 10.  On August 26, 2015, as Plaintiff had by then had over five months to file an amended complaint, yet failed to do so, the Court hereby ordered him to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines.  Dkt. No. 15.  The Court ordered Plaintiff to respond by September 9, 2015, and warned "<u>the Court shall dismiss this case without a hearing if no responsive declaration is filed.</u>" *Id.* (emphasis in original).  Plaintiff has failed to respond as of the date of this Order

### LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline).  "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'"  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

**DISCUSSION**

The first two *Henderson* factors strongly support dismissal.  First, "the public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, the Court's need to manage its docket also weighs in favor of dismissal.  Plaintiff delayed adjudication of the claims in this case by failing to file an amended complaint and failing to respond to this Court's show cause order.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."  *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal.  *Yourish*, 191 F.3d at 991.  However, "prejudice . . . may . . . consist of costs or burdens of litigation."  *In re PPA*, 460 F.3d at 1228.  Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute."  *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002).  A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline.  *Id.*; *see also Yourish*, 191 F.3d at 991.  Here, Plaintiff failed to respond to the Court's Order to Show Cause, offered no explanation for the failure to file an amended complaint, and did not request an extension of the filing deadline since April 2015.  Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal.  *See*, *e.g.*, *Hernandez*, 138 F.3d at 399.  "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . . cannot move forward toward resolution on the merits."  *In re PPA*, 460 F.3d at 1228.  The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."  *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate.  "Though there

are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to respond to file an amended complaint. As Plaintiff failed to respond, another order requiring Plaintiff to respond is likely to be futile. *See*, *e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Plaintiff failed to file an amended complaint and failed to respond to an order to show cause. Thus, Plaintiff failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendant, but dismissing the case without prejudice will preserve the ability of Plaintiff to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 14, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN LEE WILLIAMS,

          Plaintiff,

     v.

OAKLAND POLICE DEPARTMENT,

          Defendant.

Case No.  15-cv-00976-MEJ

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

      That on September 14, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin Lee Williams
1001 Polk Street
San Francisco, CA 94109

Dated: September 14, 2015

Richard W. Wieking
Clerk, United States District Court

By: _____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES